CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 2 8 2010

JOHN F. CORCORAN, CLERK
BY: /s/
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEREK WALKER, | ) |
| Plaintiff, | ) Case No. 7:10CV00162 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| | ) |
| | ) By: Glen E. Conrad |
| GENE JOHNSON, ET AL., | ) United States District Judge |
| Defendants. | ) |

Plaintiff Derek Walker, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Walker alleges that although his scores under the Virginia Department of Corrections (VDOC) security classification system designate him as qualifying to be housed at a lower level security prison, he is still being housed under the more restrictive conditions of Wallens Ridge State Prison. Upon review of the record, the court finds that the complaint must be dismissed as legally frivolous.

## Background

Walker alleges the following sequence of events from which his claims arise. He is currently housed at Wallens Ridge, a security level 5 institution. Since June 9, 2008, Walker has been free of disciplinary charges. He has consistently maintained prison employment, and since March 2009, he has been classified to earn the highest number of good time credit days available under the VDOC good conduct system. He has completed all requirements on his treatment plan. With only three and a half years left to serve on his sentence, he qualifies as a security level 2 inmate, approved for transfer to a Level 4 prison. He has waited for this transfer, however, for more than a year. In the meantime, at Wallens Ridge, he is subject to greater restrictions and fewer privileges than he would enjoy at a lower security facility. Officials blame the transfer

delay on a shortage of "bed space" at the lower security facilities. Walker asserts that other inmates with "less credentials and longer sentences to serve," as well as inmates with higher security levels, have been transferred, while he remains at Wallens Ridge.

Walker asserts that the delay in reassigning him to a lower security facility that matches his scores under the VDOC classification system violates his rights under the Eighth and Fourteenth Amendments. He sues Gene Johnson, the VDOC Director, and Warden Watson of Wallens Ridge as "policy makers" who are responsible for the policy preventing him from being housed in a facility that matches his security level. As relief, he seeks preliminary injunctive relief.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." In reviewing the case for possible summary dismissal, the court must accept allegations in the complaint as true and draw all reasonable factual inferences in the plaintiff's favor. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003).

### A. Due Process

When a defendant is lawfully convicted and confined to prison, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). For example, inmates have no constitutional right to be housed in any particular prison or in a prison with less restrictive conditions. Meachum v. Fano, 427 U.S. 215, 224 (1976).

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one

> prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons.

Id. at 224-25. Moreover, an inmate's place of confinement is necessarily subject to the broad discretion of those parties managing the prison. Gaston, 946 F.2d at 343.

Nevertheless, confinement does not strip inmates of all liberty interests, and state prison regulations may create liberty interests. Id. Such liberty "interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Courts have found that Virginia's classification scheme governing prisoners' custody, security, and good conduct earning levels does not create a liberty interest in avoiding changes in these classifications, since an inmate's status in each of these areas is subject to change, based on his own behavior and the discretion of prison officials. Oliver v. Powell, 250 F. Supp.2d 593, 605 (E.D. Va. 2002); Garrett v. Angelone, 940 F. Supp.2d 933, 943 (W.D. Va.1996). A state's failure to abide by its own procedural regulations before imposing disciplinary segregation or another less than favorable housing assignment is not a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990), and is, therefore, not actionable under § 1983.

Under these principles, Walker's allegations fail to state any due process claim actionable under § 1983. First, he has no independent constitutional right to be housed in a prison of any particular security level. Second, Virginia's security classification system does not create any federally protected liberty interest in being housed in a particular prison. As such, the defendants are not violating any constitutionally protected right by continuing to house him at Wallens Ridge in a more restrictive environment, despite his admirable security scores. They are merely exercising their discretion concerning the appropriate housing assignment for him and for the other thousands of VDOC inmates.

Third, even assuming that VDOC procedural regulations normally require an inmate to be housed at an institution matching his security level, violations of state regulations do not give rise to any federal constitutional claim. Riccio, 907 F.2d at 1469. Thus, even if Walker could prove that the delay of his approved transfer to a lower level security institution violates VDOC procedures, he still would not have a federal constitutional claim actionable under § 1983. Finally, to the extent that Walker may have some claim against the defendants under state law or the VDOC regulations themselves, such state law claims are not independently cognizable under § 1983.[1] The court will summarily dismiss all of Walker's due process claims, pursuant to § 1915A(b)(1), as frivolous, because they are without legal basis.

**B. Equal Treatment**

Walker also alleges that the delay of his transfer is unfair because other inmates with lengthier sentences and higher security level scores have been transferred away from Wallens Ridge, while he has been waiting for his own transfer to occur. The court finds no constitutional problem here.

The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prove an equal protection claim, a litigant "'must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)). Prisoner litigants must generally demonstrate that any unequal treatment is not rationally related to a legitimate governmental purpose. Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989) (finding no equal protection violation where inmates sentenced in D.C. courts and housed in federal prisons could not earn good time at as favorable a rate as inmates sentenced in D.C. courts and housed in D.C.

---

[1] To the extent that Walker might have some actionable claim against the defendants under state law or the VDOC procedures themselves, the court declines to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c), and will dismiss them without prejudice.

prisons). See also Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993) (finding no equal protection violation where inmate with sentence to serve in state prison facility spent long period in local jail with less favorable conditions, specifically, overcrowding, inadequate exercise facilities, poor climatological conditions, and an inadequate library with restricted access). Even where similarly situated persons are treated differently, a state classification "that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for [it]." FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993).

Walker has not proven either aspect of his equal protection claim. First, he does not, and likely cannot, demonstrate that the prisoners transferred away from Wallens Ridge were similarly situated to him in all respects relevant to a discretionary transfer decision. Many factors besides security level score play into housing assignment decisions, such as bed space at other institutions, inmates' rehabilitation or medical needs, their families' locations, upcoming court proceedings, percentage of time served on the criminal sentence, time left to serve before release, and a host of other variables impossible for Walker to match completely. Second, these same factors provide a rational basis for prison officials to treat inmates differently in the transfer arena, even inmates who have precisely the same security level score or sentence length. The court must dismiss Walker's equal protection claims, pursuant to § 1915A, as legally frivolous, because they have no basis in fact or law.[2]

### C. Eighth Amendment

"Not every unpleasant action taken by prison officials against inmates . . . violates the Eighth Amendment. 'After incarceration, only the unnecessary and wanton infliction of pain constitutes . . . cruel and unusual punishment forbidden by the Eighth Amendment.'" Stanley v.

---

[2] Inasmuch as the court finds that Walker's allegations, even taken in the light most favorable to him, are legally frivolous, the court cannot find that justice requires appointment of counsel on his behalf, production of additional records, an evidentiary hearing, or preliminary injunctive relief. Therefore, his separate motions regarding these matters must be denied.

Hejirika, 134 F.3d 629, 634 (4th Cir. 1998) (quoting Whitley v. Albers, 475 U.S. 312, 318-19 (1986). To state an Eighth Amendment claim regarding living conditions in prison, an inmate plaintiff must show: (1) objectively, that a condition, alone or in combination with others, resulted in a "serious deprivation of basic human needs" or caused "physical torture" or "pain without any penological purpose," see Rhodes v. Chapman, 452 U.S. 337, 347 (1981) ("Among 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'") and (2) subjectively, that officials acted with deliberate indifference to the risk of harm presented by the condition(s). Farmer v. Brennan, 511 U.S. 825, 835 (1994).

Walker alleges no facts indicating that the restrictive conditions at Wallens Ridge have resulted in any serious deprivation of his basic human needs or caused him pain for no penological purpose. At the most, he complains that he does not have the same privileges that he would have at a lower security institution. Deprivation of privileges cannot equate with the wanton infliction of pain an inmate must demonstrate in order to state any cognizable claim under the Eighth Amendment regarding prison conditions. Rhodes, 452 U.S. at 347 ("To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."). The court will dismiss Walker's purported Eighth Amendment claims as frivolous, because they have no basis in fact or law.

## Conclusion

For the stated reasons, the court concludes that Walker's entire complaint must be dismissed as legally frivolous, pursuant to § 1915A(b)(1). An appropriate order will issue this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 28th day of April, 2010.

/s/ Glen Conrad
United States District Judge